OPINION *Page 2 
{¶ 1} Defendant-appellant David E. Jones appeals from his conviction and sentencing on ten (10) counts of felony nonsupport of dependents, in violation of R.C. § 2919.21(A) (2), in the Licking County Court of Common Pleas. Appellee is the State of Ohio.
 {¶ 2} The Court will rely substantially on the pertinent procedural facts as presented by the appellant in his Brief, which the State, as stated in its response, generally accepts.
 {¶ 3} On November 3, 2006, appellant was indicted on ten (10) counts of felony nonsupport of dependents, in violation of R.C. § 2919.21(A) (2). The first five (5) counts of the indictment allege that he failed to support Udaia C. Jones from July 1, 1992 until November 14, 2001. The second five (5) counts allege that appellant failed to support Christina M. Jones from July 1, 1992 until January 19, 2003.
 {¶ 4} On February 27, 2007, appellant moved to dismiss counts one, two, three, four, six, seven, and eight of the indictment, by asserting a statute of limitations defense. On March 19, 2007, the trial court denied appellant's motion to dismiss.
 {¶ 5} On April 19, 2007, appellant entered pleas of no contest to each count.
 {¶ 6} The trial court sentenced appellant to a consecutive prison term on each count for an aggregate prison sentence of seventy-two (72) months.
 {¶ 7} It is from the April 19, 2007, Judgment Entry of conviction and sentencing that appellant timely appeals raising the following two assignments of error:
 {¶ 8} "I. THE TRIAL COURT DID ERR BY FAILING TO GRANT DEFENDANT'S MOTION TO DISMISS. *Page 3 
 {¶ 9} "II. DEFENDANT'S TRIAL COUNSEL WAS INEFFECTIVE."
 I. {¶ 10} In his first assignment of error appellant contends that prosecution of felony nonsupport of children must begin within the six-year statute of limitations for felony offenses as set forth in R.C. 2901.13(A)(1). Accordingly, appellant argues that the statute of limitations barred criminal charges for conduct completed prior to November 3, 2000. We agree.
 {¶ 11} R.C. 2919.21, which criminalizes the nonsupport of dependents, states in relevant part:
 {¶ 12} "(G) (1) Except as otherwise provided in this division, whoever violates division (A) or (B) of this section is guilty of nonsupport of dependents, a misdemeanor of the first degree. If the offender previously has been convicted of or pleaded guilty to a violation of division (A)(2) or (B) of this section or if the offender has failed to provide support under division (A)(2) or (B) of this section for a total accumulated period of twenty-six weeks out of one hundred four consecutive weeks, whether or not the twenty-six weeks were consecutive, then a violation of division (A)(2) or (B) of this section is a felony of the fifth degree. If the offender previously has been convicted of or pleaded guilty to a felony violation of this section, a violation of division (A) (2) or (B) of this section is a felony of the fourth degree. . . ."
 {¶ 13} The parties agree that the statute of limitations for a felony is six years. See R.C. 2901.13(A) (1) (a).
 {¶ 14} In State v. Climaco, Climaco, Seminatore, Lefkowitz GarafoliCo., L.P.A., 85 Ohio St.3d 582, 586, 1999-Ohio-408, the Supreme Court stated: *Page 4 
 {¶ 15} "The primary purpose of a criminal statute of limitations is to limit exposure to prosecution to a certain fixed period of time following the occurrence of those acts the General Assembly has decided to punish by criminal sanctions. Toussie v. United States (1970),397 U.S. 112, 114-115, 90 S.Ct. 858, 860, 25 L.Ed. 2d 156, 161. This `limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past.' Id. Additionally, such a time limit has the salutary effect of encouraging law enforcement officials to promptly investigate suspected criminal activity. Id. We recognized these purposes in [State v. Hensley (1991), 59 Ohio St.3d 136, 138,571 N.E.2d at 714], where we found that the intent of R.C. 2901.13 is to discourage inefficient or dilatory law enforcement rather than to give offenders the chance to avoid criminal responsibility for their conduct. We stated, `[t]he rationale for limiting criminal prosecutions is that they should be based on reasonably fresh, and therefore more trustworthy evidence,' quoting the Ohio Legislative Service Commission comment to R.C. 2901.13." (Internal quotation marks omitted.)
 {¶ 16} R.C. 2901.13(D) states, "An offense is committed when every element of the offense occurs. In the case of an offense, of which an element is a continuing course of conduct, the period of limitation does not begin to run until such course of conduct or the accused's accountability for it terminates, whichever occurs first."
 {¶ 17} The crux of appellant's present argument is that the crime is complete when the child support payment is due and not paid. Further, if the obligation remains unpaid for "twenty-six weeks out of one hundred four consecutive weeks" the crime is *Page 5 
enhanced from a misdemeanor to a felony. The State, on the other hand, seeks to apply the tolling provision of subsection R.C. 2901.13(D). The State argues that because a person owing a duty to support children has a continuing obligation to provide support to a child under the age of eighteen, the failure to pay child support is a "continuing course of conduct." Thus, the statue of limitations does not even begin to run until the child turns eighteen.
 {¶ 18} While it is true that a person owing a duty to support children has a continuing obligation to provide support to a child under the age of eighteen, we are not in this case dealing with the obligation in a civil proceeding to pay child support. Rather the question in this case is whether the criminal offense is a continuing one.
 {¶ 19} Toussie v. United States (1970), 397 U.S. 112, 134,90 S.Ct. 858, concerned whether the requirement to register for the draft constituted a continuing offense. In Toussie, the Government "argued that [the crime] continued to be committed each day that Toussie did not register," 397 U.S. at 114, 90 S.Ct. 858, a proposition the Court rejected. The Court noted "[b]asically we are faced with the task of construing a somewhat ambiguous statute in one of two ways. One way would limit institution of prosecution to a period of five years following the initial violation, while the other could effectively extend the final date for prosecution until as late as 13 years after the crime is first complete." Id. at 122, 90 S. Ct. at 864. The draft registration statute did not, the Court ruled, expressly make the crime continuing, and "[t]here is also nothing inherent in the act of registration itself which makes failure to do so a continuing crime. Failing to register is not like a conspiracy which the Court has held continues as long as the conspirators engage in overt acts in furtherance of their plot." Id. at 122, 90 S.Ct. 858. *Page 6 
The Court concluded, "[i]t should be emphasized that this conclusion does not mean that the gravity of this offense is in any way diminished. Failure to register is subject to heavy criminal penalties. The only question is whether those penalties must result from a prosecution begun within five years or whether they can be delayed for a longer period. We are not convinced that limiting prosecution to a period of five years following the initial failure to register will significantly impair either the essential function of raising an army or the prosecution of those who fail to register. We do feel that the threat of criminal punishment and the five-year statute of limitations is a sufficient incentive to encourage compliance with the registration requirements. If Congress had felt otherwise, it could easily have provided for a longer period of limitations. It has not yet done so." Id. at 123,90 S.Ct. at 864-865.
 {¶ 20} In Climaco, supra, the Ohio Supreme Court held that prosecution for failing to file accurate updated registration statements under lobbyist registration and reporting laws was barred when charges were not brought within two years of their commission. At issue inClimaco was the two-year statue of limitations for misdemeanors. The version of R.C.2901.13 in effect at that time provided "(F) The period of limitation shall not run during any time when the corpus delicti remains undiscovered." 85 Ohio St. 3d at 585, 709 N.E. 2d at 1195. The State argued, "That because the offenses were not discovered until February 1994, the tolling provision of subsection (F) applies, and, therefore, the State had until February 1996 to bring an indictment." Id. In rejecting this argument the Court stated, "[i]f we were to apply subsection (F) as urged by the State, thereby affording it two years from the discovery of the offense to begin prosecution, the purposes and principles governing criminal *Page 7 
statutes of limitations would be defeated. . . ." 85 Ohio St. 3d at 587,709 N.E. 2d at 1196. Like the United States Supreme Court inToussie, supra, the Ohio Supreme Court noted, "[a]dditionally, the State's interpretation could subject a person to criminal liability indefinitely with virtually no time limit, and this would frustrate the legislative intent on criminal statutes of limitations. We will not endorse such a broad interpretation of subsection (F). SeeHensley, 59 Ohio St. 3d at 139, 571 N.E. 2d at 714."85 Ohio St. 3d at 588, 709 N.E. 2d at 1196.
 {¶ 21} Notably, in the case at bar, the State has advanced no reason for not pursuing criminal charges against appellant for nonsupport in the years 1992 through 2000. Under the State's theory, if a defendant owes, for example, monthly support, and refuses to pay for one hundred four consecutive weeks the crime is complete and the defendant can be charged with felony nonsupport. However, the State would be free to not institute criminal proceedings within six years, but rather, could effectively extend the final date for prosecution until as late as almost sixteen years, in some instances, after the crime is first complete.
 {¶ 22} We find that "Congress clearly did not intend to attach lengthy jail-times for this crime, but merely wanted to use the threat of a [12-month] maximum to create an incentive for `deadbeat' parents to fulfill their ongoing obligations to their children. See, e.g., 144 Cong. Rec. S5734-02, S5734 (daily ed. 1998) (statement of Sen. Kohl)."United State v. Edelkind (5th Cir 2008)___, F.3d___, 2008WL1726175.
 {¶ 23} The decisions in State v. Harrison (April 15, 1981), Summit App. No. CA9930 and State v. Taylor (June 24, 1998), Wayne App. No. 97CA006804 are consistent with this approach. In Harrison, the appellant was charged with one *Page 8 
misdemeanor count of nonsupport for a "continuing course of conduct from June 1, 1976 to May 15, 1980." Appellant was charged with only one count of nonsupport. The appellant in Harrison had in fact not paid support from 1978 through May 15, 1980. Accordingly, the appellant inHarrison had failed to pay support within the two-year statute of limitation period, notwithstanding any failure to pay support more than two years previously. In Taylor, supra, the appellant was charged with one count of "nonsupport of his children from May 31, 1973, through August 10, 1982." Taylor moved to dismiss the indictment, arguing that his obligation to provide support terminated in 1982 and that a prosecution for nonsupport could not be brought beyond the six-year statute of limitations. Following a hearing, the trial court granted Taylor's motion to dismiss, finding that the statute of limitations had already expired when the State of Ohio commenced its prosecution. InTaylor, the Court of Appeals found that because the oldest of Taylor's children was emancipated on August 10, 1982, he could not be charged with criminal nonsupport after that date. Accordingly, the State had at most six years from that date to commence prosecution for Taylor's past failure to provide support. The Court did not hold that the statute of limitations was tolled during the children's' minority; rather since Taylor was charged with only one count as a continuing course of conduct, he could be charged for nonsupport as long as he had that duty. When the youngest of the children reached eighteen, Taylor had nofuture duty to support any of the children. Thus, he could not be charged with nonsupport for his failure to pay support for any periodafter the youngest child turned eighteen. Accordingly, a prosecution for nonsupport based upon his duty to provide support *Page 9 before the youngest child turned eighteen had to be commenced within the six-year statute of limitations.
 {¶ 24} In the case at bar, rather than charge appellant with one count of felony nonsupport as a continuing course of conduct from 1992 to 2003, the State charged appellant with ten (10) separate criminal offenses, each covering a specific and identifiable time period. Unlike the defendant's in Harrison and Taylor, supra, appellant in the case at bar was subject to not one (1), but ten (10) maximum sentences. These ten offenses as set forth in the Indictment and Bill of Particulars were distinct, and each was completed at the time set forth in the Indictment. Nothing prevented the State from seeking an Indictment of appellant at those earlier dates. Had appellant been indicted in 1992, for example, perhaps the threat of a 12-month maximum prison sentence would have acted as an incentive for appellant to fulfill his ongoing obligations to his children thereby obviating any further charges.
 {¶ 25} In light of all these considerations, we conclude that, absent any valid tolling provision, the nonsupport law does not intend to permit criminal prosecution for failing to pay support as late as 14 years after the initial failure. Toussie, supra. In the case at bar, we find that the statute of limitations set forth in R.C. 2901.13(A) (2) controlled the time within which charges were to be brought. Counts One, Two, Three, Four, Six, Seven and Eight are entirely composed of conduct that was completed, at the latest, November 14, 1999. Thus, the statute of limitations expired, at the latest, November 14, 2005. The November 3, 2006 indictment was untimely as to those counts and they should have been dismissed at the trial level. *Page 10 
 {¶ 26} Appellant's first assignment of error is sustained. Section 3(B) (2), Article IV of the Ohio Constitution and R.C. 2953.07, give an appellate court the power to affirm, reverse, or modify the judgment of an inferior court. Accordingly, the convictions and sentences on Counts One, Two, Three, Four, Six, Seven and Eight are vacated, and this case is remanded to the trial court for further proceedings consistent with this Opinion.
 II. {¶ 27} In his second assignment of error, appellant argues that he was denied effective assistance of trial counsel.
 {¶ 28} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry in whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 506 U.S. 364,113 S.Ct. 838, 122 L.Ed. 2d 180; Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St. 3d 136.
 {¶ 29} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St. 3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id. *Page 11 
 {¶ 30} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
 {¶ 31} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley at 143, quotingStrickland at 697. Accordingly, we will direct our attention to the second prong of the Strickland test.
 {¶ 32} In this assignment of error appellant argues that Count Nine of the Indictment alleged appellant failed to provide support for one of his minor children for a period for twenty-six weeks out of one hundred four consecutive weeks, specifically, from January 19, 1999 to January 19, 2001. Appellant argues that any allegation occurring before November 3, 2000 is barred by the six-year statute of limitations. Therefore, appellant can only be convicted of misdemeanor nonsupport pursuant to Count Nine. Appellant argues that trial counsel was ineffective in failing to object and preserve this error.
 {¶ 33} Consistent with our discussion of appellant's first assignment of error, the continuing course of conduct alleged in Count Nine of the Indictment ended January 19, 2001 pursuant to R.C. 2901.13(D). Accordingly, the November 3, 2006 indictment was timely as to Count Nine of the Indictment. *Page 12 
 {¶ 34} Because we have found no error, counsel was not ineffective.
 {¶ 35} For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is reversed. Pursuant to Section 3(B) (2), Article IV of the Ohio Constitution and R.C. 2953.07, the convictions and sentences on Counts One, Two, Three, Four, Six, Seven and Eight are vacated, and this case is remanded to the trial court for further proceedings consistent with this Opinion.
 By: Gwin, J., Hoffman, P.J., and Edwards, J., concur *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Licking County, Ohio, is reversed. Pursuant to Section 3(B) (2), Article IV of the Ohio Constitution and R.C. 2953.07, the convictions and sentences on Counts One, Two, Three, Four, Six, Seven and Eight are vacated, and this case is remanded to the trial court for further proceedings consistent with this Opinion. Costs to appellee. *Page 1